**UNITED STATES of America,**
**Appellee,**

v.

**Cheng Wai LING, Defendant–**
**Appellant.**

**No. 05–2387.**

United States Court of Appeals,
Second Circuit.

March 3, 2006.

Ivan S. Fisher, New York, NY, for Appellant.

Michael J. Garcia, U.S. Attorney for the Southern District of New York (Benjamin M. Lawsky, Joon H. Kim, Peter G. Neiman), New York, NY, for Appellee, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. TIMOTHY C.

STANCEU,* Judge.

## SUMMARY ORDER

The defendant, Cheng Wai Ling, appeals from a judgment following a jury trial in which he was convicted for (1) conspiring to distribute and possess heroin under 21 U.S.C. § 846, and (2) distributing, and possessing with an intent to distribute, heroin under 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. The court sentenced Ling principally to twenty years in prison. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

Ling argues on appeal that the court improperly instructed the jury by failing to give it a "multiple conspiracy" instruction to the effect that if the jury concluded that Ling had engaged in multiple conspiracies, rather than the single conspiracy charged in the indictment, it should acquit Ling. He contends that such an instruction would have been the only appropriate remedy for what was otherwise an unconstitutional "variance" between the conspiracy charged in the indictment and the conspiracy actually proved at trial. Ling further argues that he was prejudiced by this failure because if the government had been forced to establish proof of a conspiracy involving only transactions conducted in the late 1990s, it would not have been able to adduce evidence of Ling's previous drug dealing in the early 1990s.

In order to obtain a new trial on the ground that the court failed to grant a request for a multiple conspiracy charge, the defendant "must show that there was evidence of separate networks operating independently of each other and that he

suffered substantial prejudice resulting from the failure to give the requested charge." *United States v. Cusimano*, 123 F.3d 83, 89 (2d Cir.1997) (internal quotation marks and citation omitted).

■ We conclude that the district court's instruction to the jury was not in error. The court did instruct it that if it found the government had not proven beyond a reasonable doubt that the conspiracy extended at least until December 16, 1998, when the limitations period commenced, then it must acquit Ling of the charges. Thus, any further instruction as to multiple conspiracies instruction was unnecessary. *See United States v. Corey*, 566 F.2d 429, 431 n. 3 (2d Cir.1977) (concluding that "single/multiple conspiracy analysis does not apply to the trial of a single defendant").

■ Moreover, Ling could not have been prejudiced by any variance between the conspiracy charged in the indictment and the conspiracy proved at trial that arguably could have existed. Most of the evidence that Ling asserts would have been excluded on a narrower conspiracy charge would have been admissible nonetheless. Specifically, the testimony of both Michael Chen and Richard Wang that they had each participated in transactions for heroin with Ling in the early 1990s would have been admissible on a narrower charge for the purpose of showing that Ling had the opportunity to deal with Chen and Wang and had the knowledge of how to coordinate a complex heroin transaction with established players in the drug trade. Federal Rule of Evidence 404(b); *United States v. Pipola*, 83 F.3d 556, 566 (2d. Cir.1996) (stating that Federal Rule of Evidence 404(b) allows evidence of prior

---

* The Honorable Timothy C. Stanceu, of United States Court of International Trade, sitting by designation.

acts in order "to explain how a criminal relationship developed; this sort of proof furnishes admissible background information in a conspiracy case").

Although Allen Wang's testimony may not have been admissible under a narrower conspiracy charge, its admission at Ling's trial did not substantially prejudice him since there were three other witnesses who provided consistent, corroborating evidence as to Ling's participation in the later heroin transactions.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.